UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURA A. LONG, | Case No. 3:18-cv-00300-LRH-WGC |
| Plaintiff, | ORDER |
| v. | |
| CVS PHARMACY, INC.; *et al.*, | |
| Defendants. | |

Defendant Longs Drug Stores California, LLC petitioned to remove this action on the basis of diversity jurisdiction from the Second Judicial District Court for Washoe County, Nevada. ECF No. 1. After reviewing the complaint and defendant's petition, the court ordered defendant to establish that the minimum amount in controversy exceeds $75,000 for purposes of diversity jurisdiction. ECF No. 5. Defendant has since filed a statement regarding removal in which defendant acknowledges the amount in controversy may not exceed $75,000. ECF No. 11.

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75.000.00. 28 U.S.C. § 1332(a). "[T]he removing defendant bears the burden of establishing, by a preponderance of the

evidence, that the amount in controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

In determining whether the defendant has established that diversity jurisdiction exists, the district court must first consider whether it is "facially apparent" from the complaint that the jurisdictional amount in controversy requirement is met. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir.1997). Generally, courts apply a mechanical test to determine whether the amount in controversy requirement has been met when a case is removed to federal court: "The district court simply reads the ad damnum clause of the complaint to determine whether the matter in controversy exceeds [$75,000.00]." *Id.* at 375. If it is apparent to the court that the claim was made in good faith, then the value of the claim controls for purposes of removal, unless it appears "to a legal certainty that the plaintiff cannot recover the amount claimed." *Id.*

However, if a plaintiff's complaint fails to specify damages, or specifies damages in an amount less than the jurisdictional minimum, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold. *Sanchez,* 102 F.3d at 403–04. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Id.* at 404. Consequently, "jurisdiction may [not] be maintained by mere averment." *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); *see also Sanchez,* 102 F.3d at 403.

To begin, the court first considers if it is facially apparent from the complaint that the amount in controversy exceeds $75,00.00. Here, it is not. The complaint seeks damages exceeding $10,000.00. ECF No. 8, Ex. A. The prayer for relief therefore does not seek an amount in controversy that facially exceeds $75,000.00. As a result, defendant bears the burden in establishing by preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.00. Defendant fails to do so. Defendant, in fact, acknowledges that the amount in controversy likely will not satisfy the statutory required amount to confer diversity jurisdiction to this court. Specifically, defendant explains in its statement regarding removal:

"there is currently new information and belief [based on the exchange of information and communications between the parties] that the minimum requirements for amount in controversy may not exceed $75,000.00." ECF No. 11 at 3. Instead, plaintiff's damages "were minimal." *Id.* Defendant further states its understanding that the "new information and belief" will result in an order remanding this matter to state court. *Id.* Accordingly, the court remands this matter to the Second Judicial District Court for Washoe County, Nevada, based upon the lack of diversity jurisdiction.

IT IS THEREFORE ORDERED that this matter **REMANDED** to the Second Judicial District Court for Washoe County, Nevada.

IT IS SO ORDERED.

DATED this 25th day of July, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE